MORRISON v. SPENCER, DEF'T, AND EMMERT, INTERVENOR.

1. **Mortgage:** FORECLOSURE SALE: MISTAKE AS TO AMOUNT BID: COR- RECTION OF RECORD: INNOCENT PURCHASER: ESTOPPEL. Plaintiff, who was the holder of a second mortgage, foreclosed the same and bid in the property. The sheriff understood him to bid $100, which was less than his judgment, and made his return accordingly. Intervenor, (whose wife held a fourth mortgage,) upon examining the records, and finding the bid to be only $100, and having no other knowledge on the subject, purchased the third mortgage, and then paid to the clerk the amount required to redeem from the sale, as shown by the records. Afterwards the plaintiff, claiming that his bid was $100 in addition to the amount of his judgment, interest and costs, sought in this proceed- ing to have the records changed to correspond with his claim as to the fact, but *held* that, if a mistake was made by the sheriff, plaintiff was bound thereby, and could not, to the intervenor's prejudice, be permitted to deny the correctness of the record.

*Appeal from Osceola District Court* — HON. C. H. LEWIS, *Judge.*

FRIDAY, OCTOBER 7.

THE facts are stated in the opinion.

*O. J. Clark,* for appellant.

*G. W. Lister,* for appellee.

SEEVERS, J.— The plaintiff was the owner of a mortgage executed by the defendant on certain real estate, which was duly foreclosed, and the real estate sold under a special exe- cution, and the same purchased by the plaintiff, and a certfi- cate of purchase issued to him. The amount due the plaint-

iff on the mortgage at the time of the sale, including interest and costs, was about $387. The plaintiff claims that he bid at the sale the amount due on the execution, and the sum of $100 in addition thereto, and there is evidence which tends to support this claim. The sheriff's return on the execution is to the effect that the plaintiff only bid $100 on the land, and the certificate of sale corresponds with the return. The sale took place in July, 1885; and in April, 1886, the plaintiff filed a motion to correct and amend the sheriff's return on the execution and certificate of sale so that the "return and certificate of sale shall show a sale of said land to the plaintiff at and for the full amount of plaintiff's judgment, and costs and accruing costs under such execution, so as to agree with the facts." The court sustained the motion, and ordered the sheriff to "issue a new and amended certificate of purchase to the plaintiff, and make the consideration therein the amount due on the plaintiff's judgment at the time of said sale, and one hundred dollars in addition thereto;" and the clerk was ordered to "change all of the records in said cause so as to agree with the amended certificate of purchase." From this decision of the court the intervenor appealed.

I. If this should be regarded as a special proceeding at law, it is probably true that we cannot interfere, under the well estalished rule, with the findings of the court that the plaintiff in fact bid the amount due on his judgment, and $100 in addition thereto; but, if it should be regarded as a proceeding in equity,— and the parties seem to have so regarded it,—then in our judgment such finding is against the preponderance of the evidence. For the purposes, however, of this opinion, the finding of the court will be deemed to be correct.

II. The mortgage owned by the plaintiff was the second lien on the real estate. Warder, Bushnell & Glassner owned a mortgage which was the third lien, and the intervenor's wife owned a mortgage which was a fourth lien. After the

sale on the plaintiff's execution, the intervenor caused the records to be examined, and the fact was found to be that the plaintiff only bid $100 for the land at the execution sale; and, having no other knowledge than such as appeared of record, he purchased the Warder, Bushnell & Glassner mortgage, and, within the time provided by law, he paid, in redemption from the plaintiff's sale and purchase, the amount bid as aforesaid by the plaintiff, with interest thereon. Now, the question is whether, under such circumstances, the return of the sheriff's certificate of purchase and the records can be corrected and amended, to the prejudice of the intervenor. We think not. The intervenor acted in good faith, in reliance upon what rightfully appeared of record, and expended money in purchasing the mortgage; and it seems to us that, upon every principle of fairness, he is entitled to be protected. Counsel for the appellee contend that the record was not made by the plaintiff, but by the sheriff, and was a surprise to, and a fraud on, the plaintiff, and therefore he should not be estopped from showing the true facts. We are satisfied, from the evidence, that the sheriff understood the bid to be precisely as he made his return, and that he was not guilty of fraud. But, conceding that a mistake was made by the sheriff, we are of the opinion that the plaintiff, at least, was bound to know that such mistake had been made. If the bid was as he now claims it to be, he should have paid the sheriff $100, and the same should have been applied on the third mortgage. It is not claimed that he paid the sheriff that amount of money. Besides this, he must be presumed to have had knowledge of what appeared of record, and therefore it must be held that he is bound thereby; that is to say, it must be held that the plaintiff made the representation which appeared of record, and he cannot deny the correctness thereof, to the intervenor's prejudice, which we assume would be the case, for the reason that it is not claimed otherwise.

REVERSED.